UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RALPH D. STRONG, JR.,

                            Plaintiff,

                v.

CHARLES GORMAN, Police Officer, et al.,

                            Defendants.
_____

DECISION AND ORDER

15-CV-6346L

## INTRODUCTION

On June 24, 2013, plaintiff, Ralph D. Strong, Jr., shot two men to death outside a nightclub in Rochester, New York. Strong was not immediately apprehended after the shooting, but remained at large for several days. He was eventually spotted, and on June 27, 2013, Strong was arrested by officers of the Rochester Police Department ("RPD").

Strong was later convicted of two counts of first degree murder as a result of the victims' deaths, as well as several other charges, including attempted aggravated murder of a police officer, stemming from incidents that occurred in connection with his arrest. He is currently serving a life sentence as a result of those crimes.

Appearing *pro se*, and while serving his sentence, plaintiff commenced this action under 42 U.S.C. § 1983, on June 25, 2015. Plaintiff brings claims against three RPD officers who were involved in his arrest.

Some specifics of plaintiff's allegations are less than clear, but in general he alleges that the three defendants–RPD officers Charles Gorman, Matt Balch, and Daniel Rizzo–used excessive force in effectuating his arrest, in violation of plaintiff's rights under the Fourth Amendment to the United States Constitution.

Defendants have moved for summary judgment ((Dkt. #17). After defendants filed their motion, the Court sent a notice to plaintiff, giving him until February 9, 2018 to file a response to defendants' motion (Dkt. #18). Plaintiff has not responded.[1]

## DISCUSSION

**I. Plaintiff's Failure to Respond to Defendants' Motion**

Rule 56(e) of the Federal Rules of Civil Procedure provides that if the non-moving party fails to respond to a summary judgment motion by setting forth "specific facts showing that there is a genuine issue for trial," then "summary judgment, if appropriate, shall be entered against the adverse party." Local Rule 56 also provides that all material facts set forth in the movant's statement of material facts "will be deemed admitted unless controverted by the statement required to be served by the opposing party." Local Rule 7.1(e) mandates that the party opposing a summary judgment motion file an answering memorandum and supporting affidavit, and further states that "[f]ailure to comply...may constitute grounds for resolving the motion against the non-complying party."

---

[1] A search of New York's inmate lookup service indicates that plaintiff remains at his address of record in this case. *See* http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ3/WINQ130.

Both the defendants' motion (Dkt. #17-11) and the Court's scheduling order (Dkt. #18) gave ample notice to plaintiff of the consequences of failing to respond to defendants motion. I will not quote the text of either at length, but it could not have been more explicit that plaintiff's claims would be subject to dismissal if he did not submit a response contravening the facts asserted by defendants in support of their motion.

Since plaintiff has not filed a response to defendant's motion, the Court may, consistent with the Federal Rules of Civil Procedure and the Local Rules for this district, assume the truth of defendant's factual assertions, and proceed to determine whether, based upon those facts, summary judgment for defendants is warranted. *See Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); *see, e.g., Morrison v. Dr. Pepper Snapple Group*, 916 F.Supp.2d 372, 373-74 (W.D.N.Y. 2013).

Based on the facts before me, I find no basis for plaintiff's claims. Defendants are therefore granted summary judgment.

**II. The Facts**

As explained above, the Court can accept the truth of defendants' assertions in support of their motion for summary judgment. But at least by way of background, the Court will summarize the allegations of the complaint.

Plaintiff alleges that the RPD acted with probable cause in seeking to find the person responsible for the two fatal shootings of June 23, 2013. Complaint ¶ 9. Plaintiff also alleges that after he was located by RPD officers, he "fled on foot ... with what appeared to be a firearm." Complaint ¶ 10. Plaintiff states that a "Sgt. Zenovlic" (who is not named as a

defendant) caught up with him, fired and hit plaintiff, "disarming the plaintiff in the process." Complaint ¶ 11.[2] (It might be stating the obvious to note that "disarming" someone implies that the person on the receiving end was armed to begin with.)

By plaintiff's account, he continued to flee. Eventually, he alleges, he was cornered by defendants Gorman, Balch and Rizzo.

Plaintiff alleges that defendants ordered him to surrender. He claims he did so and put up his hands. But, according to plaintiff, all three defendants opened fire on him. Plaintiff alleges that he was not armed at that time, and that there was no reasonable justification for the officers to fire at him.

Again, those are the facts as alleged in the complaint. Even those allegations are hardly very supportive of plaintiff's claims.

But as stated, in the absence of a response from plaintiff, the Court can accept the truth of defendants' allegations. Those allegations, which are taken from defendants' Rule 56 Statement (Dkt. #17-6) show the following.

On the afternoon of June 27, 2013, plaintiff–who was wanted in connection with the June 24 murders–was spotted driving his car in Rochester. He was pursued by RPD officers in a high-speed chase, until the pursuing officers broke off the chase, when it became to dangerous to continue, since plaintiff was speeding on city streets and running red lights.

Eventually, plaintiff ditched his vehicle and ran away on foot. When RPD officers discovered the abandoned vehicle, several officers established a perimeter as they continued to search for plaintiff.

---

[2] It appears from defendants' papers that the officer's surname is "Zenelovic."

At one point, Sgt. Zenelovic spotted plaintiff near a house on North Goodman Street, holding a pistol. Zenelovic drew his weapon, and plaintiff fired at him. An exchange of gunfire ensued, during which Zenelovic was struck twice, and fell to the ground. Strong was also hit.

A fellow officer, Matthew Lebeda (who is not a party to this action) was nearby, and saw Zenelovic get shot and fall. Seeing plaintiff run from the scene–gun still in hand–Lebeda gave chase.

Defendants were also in the area. Based in part on radio transmissions, including an "Officer Down" call, as well as their visual observations of Sgt. Zenelovic and the plaintiff, defendants pursued and attempted to intercept the plaintiff.

The details of what happened next are set forth in Defendant's Rule 56 Statement. But in general, defendant continued to flee, leaving behind a trail of blood. At some point he did drop his pistol. It was later found with several live rounds left in the clip, as well as an empty shell casing stuck in the gun, which apparently had caused the gun to jam.

According to defendants' unrebutted account, plaintiff was eventually cornered at a chain-link fence. Defendants ordered him to show his hands and get on the ground, but instead he made motions as if to grab a gun. Defendants opened fire on him. Gorman Decl. ¶ 8; Rizzo Decl. ¶ 10; Balch Decl. ¶ 11. Several rounds hit defendant, he fell to the ground, and the officers ran over and took him into custody.

## DISCUSSION

Based on the undisputed facts here, defendants are entitled to summary judgment in their favor.

5

A police officer "is entitled to use deadly force if the decision to do so is reasonable." *Soto v. City of New York*, 283 F.Supp.3d 135, 141 (S.D.N.Y. 2017) (quoting *Scott v. Harris*, 550 U.S. 372, 382 (2007)). For the use of deadly force to be objectively reasonable depends on whether "the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." *O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 36 (2d Cir. 2003); *accord Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756, 762 (2d Cir. 2003). In fact, the Supreme Court has very recently reiterated that "[w]here the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force." *Kisela v. Hughes*, __ U.S. __, 138 S.Ct. 1148 (Apr. 2d, 2018).

Given the facts here, it seems self-evident that the defendants' use of force was reasonable. These officers were chasing down a murder suspect (who has since been proven to have committed the murders of which he was suspected), who led police on a high-speed chase through the streets of Rochester, who had fired at and hit a police officer, who continued to flee after he was himself hit by bullets, and who refused to surrender when cornered. That plaintiff survived this encounter is a testament to the defendants' training and self-restraint.

I also note that while defendants' motion is not based on this ground, they would appear, at the very least, to be entitled to qualified immunity as well.[3] Just weeks ago, the Supreme Court of the United States held that a police officer was entitled to qualified immunity where the officer shot a woman who was wielding a large knife and who refused commands to drop the

---

[3] Although they have not raised it as a ground for their summary judgment motion, defendants did assert the affirmative defense of qualified immunity in their answer to the complaint. *See* Dkt. #9 ¶ 21.

knife. *Kisela*, __ U.S. at __, 138 S.Ct. at 1153. In reaching that conclusion, the Court noted that "the situation unfolded in less than a minute." *Id.* at 1154. Likewise, in the case at bar, given the rapidity and brevity of the relevant events, and the fact that plaintiff had just shot at and wounded a fellow police officer, there is no basis upon which to find that defendants' conduct violated clearly established statutory or constitutional rights of which a reasonable officer would have know.

But again, the Court does not even need to reach the issue of qualified immunity. Even crediting plaintiff's version of the relevant events (which the Court need not do, as explained above), I find as a matter of law that the defendants' actions were objectively reasonable. Defendants are therefore entitled to judgment in their favor, and the complaint is dismissed.

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #17) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

                                                        _____
                                                           DAVID G. LARIMER
                                                           United States District Judge

Dated: Rochester, New York
      April 19, 2018.